**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KABANA INC,

    Plaintiffs,

vs.                                                             No. CV 05-1101 WJ/LCS

BEST OPAL INC.

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
## and
## SETTING HEARING ON DAMAGES

THIS MATTER comes before the Court upon Plaintiff's Motion for Entry of Default Judgment, filed January 18, 2006 **(Doc. 5)**. This is a copyright infringement case which is under this Court's jurisdiction pursuant to 17 U.S.C. §§ 101 et seq (the "Copyright Act") and 28 U.S.C. § 1338(a) (original jurisdiction over civil actions relating in part to copyright, patents and trademarks). For reasons given below, Plaintiff's motion for entry of default judgment will be granted as to liability only, and a hearing will be set to determine an amount of damages.

### Background

Plaintiff Kabana, Inc. ("Plaintiff" or "Kabana") is a New Mexico corporation engaged in the design of jewelry products. The products at issue in this case belong to a line of original designs for rings made from precious metals and inlays (hereinafter, "Works"). Defendant Best Opal Inc. ("Defendant" or "Best Opal") is a New York corporation which sells jewelry in the state of New Mexico.

1

Kabana asserts that it is the owner of the copyright to the Works which Defendant has allegedly copied ("Copies"), and then sold at a lesser price than the original Works, thereby damaging the market for the original Works as well as Kabana's reputation. According to the complaint, Defendant had access to Kabana's Work through catalog advertising and distribution of the jewelry line in retail stores, trade shows and cruise lines.

The Complaint was filed on October 18, 2005. Service was made on November 7, 2005 at Defendant's place of business "with a person of suitable age and discretion." Request for Clerk's Entry of Default at 1. On November 28, 2005, Plaintiff filed the signed Return of Service and an Affidavit of Service with the Court. Doc. 4.

On January 19, 2006, a Clerk's Entry of Default was entered. Doc. 7.

## Discussion

The party against whom default is entered must have been properly served with process. Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment. See, Rogers v. Hartford Life and Acc. Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999); Peterson v. Carbon County, 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998).

### I. Whether Service Was Effected

Plaintiff states that service was accomplished by a professional process server by hand delivery of the summons, complaint and other supporting papers. The Return of Service indicates that service was made personally upon a "John Doe" who refused to give his name or title, at Best Opal's place of business on Long Island City, New York. Doc. 4. Other than stating that papers were left "at the Defendant's place of business with a person of suitable age and discretion,"

Plaintiff does not clarify which provision of the federal rules were followed to effect service.

Fed.R.Civ.P. 4(h)(1) provides for service upon corporations and associations "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to ay other agent authorized by appointment or by law to receive service of process. . . ." Service was clearly not effected under this part of the rule. However, Rule 4(h)1 also allows an alternative manner of service, "in the manner prescribed for individuals by subdivision (e)(1). . . ." which in turn allows service either "pursuant to the law of the state in which the district court is located, or in which service is effected. . . ." In this case, then, service could have been effected by following the requirements for service of corporations under New Mexico law or New York law.

It appears that service was not effected under New York law, which allows service on a corporation by serving "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." However, New Mexico law provides for service of process on a corporation or other business entity by, inter alia, "delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge." N.M.R.A. 1-004(G)(2). While service on a person "of suitable age and discretion" might not always mean a "person in charge," the circumstances in this case and notations of the process server persuade the Court that service was made to a person in charge. The Defendant corporation is most likely a small business where it might not be apparent who is in charge. Further, a person without the authority

3

to accept service would not refuse to identify himself.[1]

Therefore, I find that Defendant was properly served, and default judgment is appropriate under Rule 55(b)(2), but only as to liability.

## II.     Further Inquiry is Needed for Judgment as to Damages

Plaintiff seeks an injunction under 17 U.S.C. § 502[2] that Defendant and its agents be enjoined and restrained from infringement of the copyrighted Work owned by Kabana; that Defendant and its agents immediately stop the sale, advertisement and distribution of the Copies of the Work and to provide Kabana with all Copies; and that Defendant provide an accounting of all sales of the Copies, identify all persons who made or imported the Copies, and deliver profits from those Copies.

Plaintiff also requests statutory damages under 17 U.S.C. § 504(c). Under § 504(c)(1), a copyright owner may elect before final judgment to recover statutory damages instead of actual damages and profits. It appears that Plaintiff has opted for statutory damages, since the Complaint sought damages in the alternative, but in the motion for default judgment, Plaintiff requests only statutory damages and injunctive relief.

Under subsection (c)(1), the amount of the statutory award ranges from $750 to $30,000

---

[1] Under Fed.R.Civ.P.4(e)(2), the federal rules allow service upon a person "of suitable age and discretion" when serving on individuals, nor corporations. However, Rule 4(h) allows alternate service under Rule (e)(1), not (e)(2). New York law also envisions service to a "person of suitable age and discretion" but only when effecting service of process upon a "natural person," not a corporation. See McKinney's Civil Practice Law and Rules § 308.

[2] Section 502(a) states that "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."

with respect to any work "as the court considers just." Further, where the court finds that the infringement was committed willfully, the court may, in its discretion, increase the award of statutory damages to a maximum amount of $150,000. § 504(c)(2). Plaintiff is seeking damages under subsection (c)(2) for a total statutory amount of $600,000 ($150,000 for each of the four copyrights that were allegedly infringed). Before such an award can be made, the Court must first determine whether the infringement was willful, and then is made in the Court's discretion. A hearing is appropriate for the Court to make such a determination.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment (**Doc. 5**) is GRANTED IN PART in that default judgment will be entered in favor of Plaintiff as to liability only;

**IT IS FURTHER ORDERED** that a hearing on the issue of damages will be held before the Honorable William P. Johnson on **Monday, April 10th, 2006, at 9:00 a.m.**, at the U.S. District Courthouse, 333 Lomas Blvd. NW, Bonito Courtroom–5th Floor, Albuquerque, New Mexico.  Three **(3)** hours will be allotted for this hearing;[3]

_____
UNITED STATES DISTRICT JUDGE

---

[3] To conserve judicial resources, parties are required to notify the Court as soon as possible if settlement of any motion will be reached.  If counsel determine that this hearing will require more than three hours, please contact Richard Garcia, Courtroom Deputy to Judge William P. Johnson, at (505) 348-2333.