IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



KABANA, INC.,

    Plaintiffs,

v.                                                    No. CV 05-1101 WJ/LCS

BEST OPAL, INC.,

    Defendants.

### KABANA'S REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ITS CLAIM FOR DAMAGES ON DEFAULT

The Court having considered the pleadings, exhibits, and affidavits filed herein, together with the evidence, testimony, documents and affidavits presented for and at the hearing in this matter held April 10, 2006 herein, the Court:

A.     Adopts the following Findings of Fact:

    1.     Defendant, Best Opal, Inc., is a New York corporation which manufactures and/or distributes jewelry in interstate commerce and has sold and/or delivered jewelry to one or more businesses in the State of New Mexico.

    2.     Defendant was incorporated in New York in 1999 and previously operated as a partnership since 1988.

    3.     Defendant is owned and managed by its president, Robert Hertz, who has worked in the jewelry manufacturing and/or distribution business since 1969.



1

4. Defendant's products includes those identified in Exhibits 11-15 attached to Plaintiff's Complaint (Doc. No. 1), as product numbers BR651A; BR547 MOP/OX; BR880 P/MOP R/G; and BR819 P/MOP R/G.

5. Defendant has displayed, marketed and sold its products nationally at industry trade shows including large annual trade shows in Las Vegas, Nevada and Phoenix, Arizona.

6. Plaintiff, Kabana, Inc. has also displayed, marketed and sold its jewelry designs at the same types of shows, including Las Vegas and Phoenix shows those attended by Defendant in 2004 and 2005.

7. Kabana designs its own styles of jewelry, many of which styles are readily recognized within the jewelry industry as being exclusive to Kabana.

8. Kabana has designed and obtained copyright registration protection for more than 1,200 jewelry pieces and the designs of such pieces.

9. Kabana's designs are widely accessible through (in addition to trade shows) Kabana's advertising, marketing and sales efforts. Further, Kabana's jewelry pieces are widely accessible through retail jewelers across the United States and overseas, and by private resale including via the internet.

10. Each of the Kabana jewelry pieces upon which this Court is awarding damages (the "Works") was registered by Kabana with the U.S. Copyright Office.

11. Each of the four (4) jewelry pieces sold by Defendant at issue in this case were nearly exact copies of the Works, were substantially similar to the Works, or were an infringing derivative work.

12.     The near absolute identicalness of Defendant's four (4) products which infringed on Kabana's Works, each marketed and sold by Defendant during the same time periods, allows no reasonable inference other than the conclusion that Defendant's infringements were each willful, conscious, and deliberate.

13.     Defendant's and its owner's years of experience in the industry and the scope of its sales and marketing activities, in combination with the virtual identicalness of the jewelry items, further establishes intentional and willful infringement by Defendant in conjunction with the Defendant's reckless disregard for Plaintiff's copyrights.

14.     The wholesale values of each piece of the infringed works is as follows: NRCF906MP $1,476.00; GRCF912OXMW $1,476.00; GRIF027AX $1,373.00; and NRCF905MP $1,413.00.

15.     Infringing on any of Kabana's protected work is an injury to its entire product line and reputation.

16.     Kabana has incurred costs and attorneys fees resulting for Defendant's infringement of at least $_____.

17.     Defendant has failed to answer or defend this suit in any manner. Its default includes the failure to offer any evidence that its infringements were not intentional.

18.     Kabana has demonstrated adequate evidence supporting its request for an award of damages for willful infringement by Defendant.

3

B.     Adopts the following Conclusions of Law:

1.     This Court has jurisdiction to hear this case pursuant to 28U.S.C.§1338(a).

2.     Venue to hear this case properly lies with this Court pursuant to 28U.S.C.§§1391 and 1400(a), in that the infringing items were sold and shipped to this state.

3.     Kabana, Inc. ("Kabana") is the owner of a valid U.S. copyright registration; numbers VA-1-005-733; VA-1-011-116; VA-706-183; and VA-706-181, and is thus enforceable against the Defendant, its employees, agents, and persons in privity therewith. (See Doc. No. 1, Exhibits 1, 3, 5, and 7)

4.     Kabana's copyright registration number VA-1-005-733 is a valid copyright registration and has an effective date of registration of November 1, 1999 and is thus enforceable against the Defendant, its employees, agents, and persons in privity therewith. (See Doc. No. 3, Exhibit 1)

5.     Kabana's copyright registration number VA-1-011-116 is a valid copyright registration and has an effective date of registration of October 8, 1999 and is thus enforceable against the Defendant, its employees, agents, and persons in privity therewith. (See Doc. No. 1, Exhibit 3)

6.     Kabana's copyright registration number VA-706-183 is a valid copyright registration and has an effective date of registration of March 20, 1995 and is thus enforceable against the Defendant, its employees, agents, and persons in privity therewith. (See Doc. No 1, Exhibit 5)

7. Kabana's copyright registration number VA-706-181 is a valid copyright registration and has an effective date of registration of March 20, 1995 and is thus enforceable against the Defendant, its employees, agents, and persons in privity therewith. (See Doc. No. 1, Exhibit 7)

8. Each of the plaintiffs' above-referenced copyright registrations is enforceable against the Defendant, its employees, agents, and persons in privity therewith.

9. The Defendant infringed each of the above Kabana copyright registrations in violation of 17 U.S.C. § 106.

10. Because Defendant's infringement occurred after the effective date of registration for each of the above copyright registrations, the Defendant is entitled to statutory damages and reasonable attorney fees for each of the Defendant's above registrations under 17 U.S.C. § 504(c).

11. Statutory damages awarded by the Court are to be multiplied by the number of works infringed as provided in 17 U.S.C. § 504 (c). (See *Blue Ribbon Pet Products, Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454 (E.D.N.Y. 1999); *Chi-Boy Music v Towne Tavern, Inc.* (1991, ND Ala), 21 USPQ2d 1227, 779 F Supp 527; and *Swallow Turn Music v Wilson* (1993, ED Tex) 831 F Supp 575, 28 USPQ2d 1924.

12. Statutory damages under 17 USC § 504(c) can be used not only to compensate a Plaintiff, but also to punish the infringing entity for its conduct and to deter future infringing acts. (See *Chi-Boy Music v Towne Tavern, Inc.* (1991, ND Ala), 21 USPQ2d 1227, 779 F Supp 527; *Unicity Music v Omni Communications* (1994, ED Ark) 844 F Supp 504; and *Rodgers v Quests, Inc.* (1981, ND Ohio) 213 USPQ 212 (1976 Act).

13.     The Finding that Defendant acted with reckless disregard to Kabana's copyrights is sufficient to establish willful infringement. (See *Video Vies, Inc. v. Studio 21, Ltd.*, 925 F. 2d 1010 (7th Cir. 1991); *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F. 2d 250 and *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996.

14.     Willful copying of Kabana's copyrighted Works constituted deliberate infringement by Defendant for which the Court may award statutory damages of up to $150,000 per infringement, in accordance with 17U.S.C.§504(c)(2).

15.     This Court previously entered its Memorandum Opinion March 14, 2006 granting Plaintiff judgment by default against Defendant as to liability (Doc. 8).

16.     Statutory damages awarded by the Court are to be multiplied by the number of works infringed.

17.     Defendant, its agents, servants, employees, and all persons acting under Defendant's permission and authority, should be preliminary and permanently enjoined and restrained from infringing, in any manner, the copyrighted Work owned by Kabana, pursuant to 17 U.S.C. § 502.

18.     Defendant and all persons acting in concert with them should be ordered to immediately stop the sale, advertisement, and distribution of the Copies.

19.     Defendant should be ordered to pay statutorily allowed damages pursuant to 17 U.S.C. § 504(c)(2) in the amount of $150,000.00 for each work infringed for total statutorily allowed damages of $600,000.00.

20. Defendant should be ordered to pay costs, including reasonable attorneys fees, pursuant to 17 U.S.C. § 505 in the amount of $_____.

21. Defendant should be ordered to pay Plaintiff post-judgment interest on the total damages awarded and the total fees and costs awarded at the basic New Mexico statutory rate (N.M.S.A. 1978, § 56-8-4(A)) of 8.75%) per annum from the time of entry of judgment until paid.

LITTLE & TURNER, P.A.

BY: _____
Gordon S. Little
500 Marquette NW,
Suite 1410
Albuquerque, NM 87102
Phone: (505) 242-6888
Fax: (505)764-9890

Co-Counsel for Plaintiff, Kabana, Inc.

and

PEACOCK MYERS, P.C.

BY: _____
Justin R. Jackson
Deborah A. Peacock
201 Third Street, Suite, 1340
Albuquerque, NM 87102
Phone: (505) 998-1500
Fax: (505)243-2542

Co-Counsel for Plaintiff, Kabana, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the ___7th___ day of April, 2006, a copy of the foregoing Kabana's Requested Findings of Fact and Conclusions of Law in Support of its Claim for Damages on Default was served by first class mail, postage prepaid, upon Defendant, Best Opal Inc., at it's place of business at:

Best Opal Inc.
40-29 27th Street
Long Island City, New York 11101

_____
Gordon S. Little